UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
AT HARTFORD

| | | |
|---|---|---|
| Antoinette C. Taylor, as an individual | ) | CIVIL ACTION NO. ________________ |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR: |
| | ) | |
| v. | ) | 1. THE FEDERAL COMMUNICATIONS ACT (47 U.S.C. § 201 *et seq.*) |
| | ) | 2. INTRUSION UPON SECLUSION |
| | ) | 3. PUBLIC DISCLOSURE OF PRIVATE |
| AT&T, Inc.; Reid and Riege, P.C.; and Brian O'Donnell, Individually and in his capacity as an employee of Reid and Riege, P.C., Inclusive liable, | ) | 4. NEGLIGENCE |
| | ) | 5. ATTORNEYS' FEES & COSTS UNDER O.C.GA. § 13-6-11 |
| | ) | 6. PUNITIVE DAMAGES |
| Defendants. | ) | 7. TORTIOUS INTERFERENCE |
| | ) | 8. ABUSE OF PROCESS |
| | ) | 9. RESPONDEAT SUPERIOR/ VICARIOUS LIABILITY |
| | ) | |
| | ) | ORAL ARGUMENT/TESTIMONY AND JURY TRIAL DEMANDED |

Exhibit D

REID & RIEGE

ATTORNEYS

**Brian O'Donnell**
**Attorney**

Reid and Riege, P.C.
One Financial Plaza
Hartford, CT 06103

D (860) 240-1012
F (860) 240-1002
E bodonnell@rrlawpc.com

rrlawpc.com

May 19, 2026

**Via First Class Mail and Email**
Antoinette Taylor
P.O. Box 793
Shelbyville, Kentucky 40066
seekmyface2024@gmail.com

**Re: Request to Meet and Confer**

Dear Ms. Taylor:

On behalf of Phyllis Frazier, I write to address your past responses to our discovery demands and to request that we schedule a recorded Zoom conference to attempt to resolve any differences we have regarding that discovery. My colleague, Mary Miller, has offered to handle this conference and is available on May 26 or 27, or June 2 or 3, currently at any time. Given that time is short, please reserve a specific time by leaving her a voicemail or faxing her.

I provide the following comments in the hopes that we can narrow our differences in advance of our Zoom conference.

**Your asserted call to AT&T.** The Court ordered you to "fully respond to Defendant's Second Set of Interrogatories by May 15, 2026." (ECF No. 128, at 11.) We did not receive full responses by the deadline. Given the Court's ruling, we do not need to continue to debate the propriety of those interrogatories – you are required to answer them fully.

But, in recognition that you are proceeding pro se, we thought we should tell you what we are likely to do next, so you are not surprised.

You said in your declaration: "I personally talked with my cellular company representative whom [sic] confirmed that they do not maintain telephone logs/records after 100 days and/or two months. No telephone logs/records exist." (ECF No. 98, at 8 of 12.) Last week, AT&T gave us your telephone records for the day in question, January 3, 2024. We are entitled to try to determine whether an AT&T representative actually gave you the false information you recited under oath.

If you do not identify the persons at AT&T who gave you the false information you recited, we will ask the Court to find that you did not in fact speak with any representative of AT&T, notwithstanding your declaration, "under penalty of perjury," that you had such a conversation. See, e.g., Gao v. Barr, 968 F.3d 137, 148 (2d Cir. 2020) ("A court assessing credibility may always consider the fact that a witness has lied under oath.").

**The alleged defamatory statement.** Our Second Set of Interrogatories requires you to tell us information about the defamatory statement that you attribute to Phyllis Taylor. You did not provide an acceptable response. You said you read the statement on March 21, 2026, but somehow – on that same date – could not recall details about the statement or the context in which you read it. That is obviously inadequate. I ask that you provide a proper answer, as already ordered by the Court.

**Your tax returns.** You put your tax returns at issue in your Amended Complaint, where you alleged that "Reverend Taylor's annual salary is six figures as reflected on her income tax records." (Am. Compl. ¶ 1.) We are entitled to determine whether that allegation is true. More generally, we are entitled to determine whether you suffered any financial loss as a result of the alleged defamation. (See, e.g., Am. Compl. ¶ 13 (plaintiff "suffered in her profession as a minister/pastor"); see also Memorandum of Points and Authorities in Support of Plaintiff's Motion for Reconsideration, (ECF No 135) at 5 ("As a result of the defamation of character, the Plaintiff's reputation, finances, and mental well-being was seriously harmed . . . . (emphasis added).) Thus, we asked for tax returns and made related requests in our Third Set of Discovery, dated April 14, 2026. The deadline to respond to that discovery has passed. I ask that you answer the discovery fully and produce the requested documents.

**New discovery.** We learned, from the newly obtained AT&T records that you called the Connecticut Department of Children and Families ("DCF") on January 3, 2024, just before you called the Norwalk Police Department. Given that you asked the Norwalk police to conduct what you called "a safety and wellness check" on Ms. Frazier's granddaughter, who lives in Norwalk, we now believe we will learn relevant information if we explore your call to the DCF. I have enclosed our fourth set of discovery, which explores that subject among other things.

Very truly yours,

Brian O'Donnell

Encl.